FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
ROME DIVISION

2013 OCT 23 AM 8: 15

M. REGINA THOMAS
CLERK
BY
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 11-41773-PWB |
| MELINDA ROSE GENTRY | JUDGE PAUL W. BONAPFEL |
| DEBTOR/MOVANT | |
| v. | |
| RONALD HOOD | IN PROCEEDINGS UNDER CHAPTER 13 OF THE |
| RESPONDENT | BANKRUPTCY CODE |

## RESPONSE TO DEBTOR'S OBJECTION TO RESPONDENT'S PROOF OF CLAIM (#12)

COMES NOW, RONALD HOOD, RESPONDENT ABOVE, by and through counsel and shows that:

1. On the date that above Debtor's case was filed in this Court, she had appealed the underlying $3087.50 judgment in favor of Respondent, for a vicious dog bite, in Whitfield County Magistrate Court. Whitfield County Superior Court, Civil No. 11-CI-938-M.

2. While the rule under O.C.G.A. § 5-3-7 is that "An appeal shall suspend but not vacate a judgment and, if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered," Debtor's own notice of bankruptcy means cannot legally mean anything other than a "withdrawn" appeal. Even as an unsecured claim, per the previous Order of this Court (Doc 37 -- of which hearing undersigned counsel avers that he had no notice), Respondent is still entitled to a second priority claim, under 11 U.S.C. Section 507 (2).

3. Moreover, Respondent thereby retains the same right, not only to the amount of the original judgment, but to postjudgment interest: O.C.G.A. § 7-4-12 controls the award of post judgment interest in Georgia, and interest is recovered at a rate equal to three percent over the

prime rate as Published by the Board of Governors of the Federal Reserve System on the day the judgment was entered, *sc.* (3.25 + 3)%, or 6.25%, x $3087.50 x 1.5 years, or ($192.97 + $96.49 = $289.46 interest in addition to said principal, for a total of $3376.96.

4. While not initially demanded, under O.C.G.A. § 7-4-12 (c), "[t]he postjudgment interest provided for …shall apply automatically to all judgments in this state and the interest shall be collectable as a part of each judgment whether or not the judgment specifically reflects the entitlement to postjudgment interest."

5. Given all of the above, it is not only legally invalid but factually incredulous that "Debtor denies owing any money to Creditor," per ¶ 3 of her Objection, which is totally unwarranted by any of the previous motions or orders.

WHEREFORE, Debtor's Objection should be denied, and Respondent/Creditor's original claim plus statutory interest should be allowed.

Respectfully Submitted,

*/s/ L. Vincent Anderson*
L. Vincent Anderson
GA Bar 017722

1119 Trammell Street
Dalton, GA  30720
(706) 217-2450 Phone
217-1853 Spanish and FAX
www.anderson-law-dalton.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 11-41773-PWB |
| MELINDA ROSE GENTRY | : | JUDGE PAUL W. BONAPFEL |
| DEBTOR/MOVANT | : | |
| v. | : | |
| RONALD HOOD | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| RESPONDENT | : | BANKRUPTCY CODE |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a true and correct copy of the <u>RESPONSE TO DEBTOR'S OBJECTION TO RESPONDENT'S PROOF OF CLAIM</u>, by placing a true copy of same in the U.S. Mail with sufficient postage attached thereon, to the following:

Michael D. Hurtt
The Hurtt Law Firm
215 West Gordon St.
Dalton, GA 30720-4267

Mary Ida Townson
Chapter 13 Trustee
191 Peachtree Street N.E.
Suite 2200
Atlanta GA 30303

_L. Vincent Anderson_
Counsel for Ronald Hood, Respondent

This 22nd day of October, 2013.